UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL HARDEN,

                              Plaintiff,

              -against-

JOHN DOE, *et al.*,

                              Defendants.

19-CV-3839 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in Fishkill Correctional Facility, brings this *pro se* action

alleging that Defendants violated his federal rights when he was incarcerated in Green Haven

Correctional Facility ("Green Haven"). By order dated May 29, 2019, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the

reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty

days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The events giving rise to Plaintiff's claims occurred from July 18, 2016 through October 20, 2017, while he was incarcerated at Green Haven. (Compl. at 3.) Plaintiff's complaint, which is 55 pages long, is difficult to understand. He makes a number of spectacular allegations, including that two different correctional facilities, Green Haven and Clinton Correctional Facility, were using "an audio transmission speaker system" to broadcast derogatory statements about him throughout the facility and to produce pornographic tapes and videos to be sold on the internet. (*See, e.g.*, *id.* at 13, 22-23.) His complaint also includes numerous pages of allegations relating to an alleged conspiracy involving drug-dealing correction officers and prison staff to assault and murder him. (*See, e.g.*, *id.* at 28-30.) Plaintiff sues 59 defendants, including 9 John or Jane Does, as well as U.S. Senator Kirsten Gillibrand and former U.S. Congressman Charles Rangel. Plaintiff seeks money damages and injunctive relief including "improve[d] training and

supervision" of correctional facility staff in handling inmates' complaints under the Prison Rape Elimination Act. (*Id.* at 19.)

## DISCUSSION

The Court's "special solicitude" for *pro se* pleadings, *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994), has its limits, because *pro se* pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint's statement of claim should not be prolix (lengthy) or contain unnecessary details. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that under Rule 8(a)(2), the statement of claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage'") (citation omitted); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding that complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"); *see also The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Local 15, 15A, 15C & 15D, AFL-CIO v. Tightseal Constr. Inc.*, No. 17-CV-3670 (KPF), 2018 WL 3910827, at *12 (S.D.N.Y. Aug. 14, 2018) ("[C]ourts in this Circuit have dismissed complaints that are unnecessarily long-winded, unclear, or conclusory.")

Plaintiff's complaint does not comply with Rule 8 because it is lengthy, includes unnecessary and unimportant details, and lacks sufficient relevant details to state a claim. In addition, many of Plaintiff's allegations appear to be implausible.

In recognition of the "special solicitude" afforded *pro se* litigants, because Plaintiff alleges that a state actor assaulted him, the Court grants Plaintiff leave to file an amended

complaint that complies with the standards of Rule 8. Plaintiff's statement of claim in his amended complaint must be short and plain – it must not be lengthy or include unimportant or unnecessary details. Plaintiff's amended complaint must be limited to 20 pages, and he is encouraged to use the Court's amended complaint form.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to comply with this order. First, Plaintiff must name as the defendants in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint.

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-3839 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show

good cause to excuse such failure, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   June 24, 2019
         New York, New York

_____
            COLLEEN McMAHON
      Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes    ☐ No

(check one)

___ Civ. _____ (   )

**I.    Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
               ID#_____
               Current Institution_____
               Address_____
               _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant  No. 1    Name _____ Shield #_____
                    Where Currently Employed _____
                    Address _____
                    _____

Defendant No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

Defendant No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    Facts:_____

What
happened
to you?

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

<div style="border:1px solid black; display:inline-block; padding:4px">

**Was anyone else involved?**

</div>

_____
_____
_____
_____
_____

<div style="border:1px solid black; display:inline-block; padding:4px">

**Who else saw what happened?**

</div>

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.  Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____   No _____   Do Not Know _____

C.  Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____   No _____   Do Not Know _____

If YES, which claim(s)?
_____

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____   No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____   No _____

E.  If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_____

1.  Which claim(s) in this complaint did you grieve?
_____

_____

2.  What was the result, if any?
_____

_____

3.  What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
_____
_____
_____
_____

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here:
_____
_____
_____

_____
_____
_____

    2.      If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.**    **Previous lawsuits:**

<table>
<tr><td>On<br>these<br>claims</td></tr>
</table>

A.     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

       Yes _____ No _____

B.     If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

       1.      Parties to the previous lawsuit:

       Plaintiff _____
       Defendants _____

       2. Court (if federal court, name the district; if state court, name the county) _____
       _____

_____ 3.      Docket or Index number _____

_____ 4.      Name of Judge assigned to your case_____

           5.      Approximate date of filing lawsuit _____

           6.      Is the case still pending? Yes _____ No _____

                  If NO, give the approximate date of disposition_____

           7.      What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
             _____
             _____

<table>
<tr><td>On<br>other<br>claims</td></tr>
</table>

C.     Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

       Yes _____ No _____

D.     If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

       1.      Parties to the previous lawsuit:

       Plaintiff _____
       Defendants _____

       2.      Court (if federal court, name the district; if state court, name the county) _____
       _____

_____ 3.      Docket or Index number _____

_____ 4.      Name of Judge assigned to your case_____

           5.      Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____

           If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

           _____

           _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                    Signature of Plaintiff    _____

                    Inmate Number        _____

                    Institution Address     _____

                                              _____

                                            _____

                                            _____


<u>Note</u>:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.


                    Signature of Plaintiff:   _____