UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
PAUL HARDEN,
                Plaintiff,

v.

SERGEANT SAHAD and LORIE BADGER,

                Defendants.
--------------------------------------------------------------x

**ORDER**

19 CV 3839 (VB)

      Plaintiff, who is proceeding pro se and in forma pauperis, commenced this action by filing a complaint dated April 19, 2019. (Doc. #2). At that time, plaintiff was incarcerated at Fishkill Correctional Facility. (See id. at ECF 1).

      On December 4, 2019, the Clerk of Court filed plaintiff's first Notice of Change of Address, dated November 22, 2019, which stated plaintiff's updated address at Great Meadow Correctional Facility. (Doc. #22).

      On February 27, 2020, the Clerk filed plaintiff's second Notice of Change of Address, dated February 21, 2020, which stated plaintiff's updated address at Sing Sing Correctional Facility. (Doc. #32).

      By Order dated April 23, 2020, the Court granted plaintiff's request for a 60-day extension of time to respond to defendants' motion to dismiss plaintiff's second amended complaint. (Doc. #37). Accordingly, the Court extended to June 29, 2020, plaintiff's time to oppose the motion. (Id.). The April 23 Order was mailed to plaintiff that day.

      On May 4, 2020, the Court received a duplicate request from plaintiff for a 60-day extension of time to respond to the pending motion. (Doc. #38). By Order dated May 5, 2020, the Court reiterated plaintiff's deadline to respond to the pending motion. (Doc. #39). The May 5 Order and an additional copy of the April 23 Order were mailed to plaintiff that day. However, on May 18, 2020, the Court received notice that its May 5 mailing to plaintiff was returned as undeliverable with the following notation: "No longer here, Paroled."

      As the Court stated in its Order of Service dated November 6, 2019 (Doc. #18), and Amended Order of Service dated February 12, 2020 (Doc. #29), it is plaintiff's responsibility to notify the Court in writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so.

      The Court's Orders of Service were mailed to plaintiff, as were an "Instructions for Litigants Who Do Not Have Attorneys" pamphlet and a blank "Notice of Change of Address" form. (Doc. #19). Like the Orders of Service, the Instructions pamphlet also states it is plaintiff's responsibility to notify the Court in writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so. (See id. at ECF 2).

1

**Accordingly, by June 16, 2020, plaintiff must update the Court in writing as to his current address. Failure to comply with the Court's Order may result in dismissal of the action for failure to prosecute or comply with Court orders. Fed. R. Civ. P. 41(b).**

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: May 19, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge